# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 11-8517**  **September Term, 2014**

Filed On: July 21, 2015

In re: Sealed Case,

**BEFORE:** Rogers, Millett, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of the Report and Recommendation and the Supplemental Report and Recommendation of the Committee on Admissions and Grievances and the responses thereto; and the court's order filed on May 11, 2015, and the Committee's response thereto, it is

**ORDERED** that Kevin Jesse McCants be publicly reprimanded for his conduct in this matter. After this court denied Respondent's client's pro se request for a certificate of appealability, the client contacted Respondent to seek reconsideration. Almost six months later, Respondent had neither perfected his appearance nor submitted any filings in the case. The matter was referred to this court's Committee on Admissions and Grievances, which found that Respondent had violated several of the District of Columbia's Rules of Professional Conduct and recommended publicly reprimanding Respondent. Upon Respondent's belated request for a hearing, the matter was again referred to the Committee. After holding the requested hearing, the Committee recommended a diversion program in lieu of discipline, while adhering to its initial finding of Rules violations.

Upon consideration of the record in this matter, we have determined that a public reprimand is the appropriate sanction for Respondent's conduct. Respondent failed to: (1) provide competent representation to a client and serve the client with skill and care, in violation of D.C. Rule of Professional Conduct 1.1; (2) abide by the client's decisions concerning the objectives of the representation, consult with the client as to the means by which his objectives were to be pursued, or take such action on the client's behalf as impliedly authorized, in violation of Rule 1.2; (3) zealously and diligently represent the client's interests, act with reasonable promptness, or seek the client's lawful objectives, in violation of Rule 1.3; and (4) keep the client reasonably informed about the status of his case and promptly comply with reasonable requests for information, in violation of Rule 1.4(a). It is clear that Respondent filed no pleadings on behalf of the client, failed to keep the client informed of the status of his case, and failed to inform the client that he no longer wished to represent him.

Moreover, it is also clear that these failings were not a matter of mere oversight or poor law practice housekeeping. In addition, Respondent has offered inconsistent explanations for his conduct, suggesting a distinct lack of candor. This lack of candor, among other factors, counsels against diversion and in favor of discipline. See D.C. Bar Rule XI, § 8.1(b) (diversion agreements are available in cases of "alleged minor misconduct" and are not available to attorneys whose misconduct involves fraud, dishonesty, or deceit).

Finally, Respondent has demonstrated a palpable lack of respect for both this court and the disciplinary process. With respect to the Committee, that lack of respect is demonstrated by Respondent's explanation for his failure initially to request a hearing before the Committee. With respect to the court, Respondent did not respond to the Committee's Supplemental Report despite having been ordered to do so in an order issued by the Clerk. As a result, the matter was presented to a panel of the court, and Respondent was again ordered to respond to the Supplemental Report. Respondent's response was untimely and demonstrated a cavalier attitude towards the court's orders, an attitude that mirrors Respondent's attitude towards his duties to his client.

Under all of these circumstances, a public reprimand is clearly warranted. The Clerk is directed to file this public reprimand on the public records of this court.

<u>Per Curiam</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

**By:**    /s/
Lynda M. Flippin
Deputy Clerk/LD